

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-14-2007

# USA v. Demelio

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2709

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Demelio" (2007). *2007 Decisions.* Paper 219.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/219

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-2709

———————

UNITED STATES OF AMERICA

v.

REGONALDO N. DEMELIO
a/k/a
RONALD COOLEY

Regonaldo N. Demelio,

Appellant.

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 05-cr-00015-1)
District Judge:  The Honorable Arthur J. Schwab

———————

Submitted Under Third Circuit LAR 34.1(a)
November 1, 2007

BEFORE: RENDELL, WEIS, and NYGAARD, Circuit Judges.

(Filed: November 14, 2007)

NYGAARD, <u>Circuit</u> <u>Judge</u>

Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with the facts underlying this appeal, we offer only an abbreviated recitation of the background necessary for our *ratio decidendi.*

Mr. Demelio seeks a reversal of his conviction for threatening to murder an FBI agent, arguing that: the District Court erred by admitting evidence of prior violent acts; the jury had insufficient evidence to convict him; and, the District Court provided improper jury instructions. He alternately seeks vacation and remand of his sentence on the basis that the District Court failed to consider his mental illness. Finally, he contends that the District Court unconstitutionally ordered him, as a condition of his supervised release, to take medication for his mental illness if prescribed by his physician. Mr. Demelio is wrong on all points. We will affirm the District Court's entry of judgment and sentence.

While incarcerated on other charges, Mr. Demelio made statements on a telephone monitored by the prison about an FBI agent who was investigating him for a criminal scheme to defraud insurers and mortgage lenders. These statements led to charges that he threatened to murder the agent. At trial, the District Court allowed evidence that Mr. Demelio had committed prior acts of violence. Noting that Mr. Demelio objected only on

the basis of relevancy and inflammatory effect, and not on the basis of Rule 404(b), we conclude that the District Court did not err in permitting the government to present this evidence, which was relevant to the objective element of the government's burden of proof.

We also disagree with Demelio that the District Court erred by instructing the jury on the elements of "threat" without specifically referencing a "threat to murder." The jury slip specified that the jury convicted Demelio for "threatening to murder." Concluding that Mr. Demelio's appeals to reverse his conviction lack legal and factual merit, we will affirm the District Court's Order.

Turning to Demelio's sentence, we conclude that the District Court did not fail to consider properly his mental illness. Given the context and clarity of Mr. Demelio's threat, the District Court was within its discretion to find that Mr. Demelio's case was "unique and extreme," supporting a sentence of seventy-two months.

Finally, the District Court did not violate Mr. Demelio's constitutional rights in specifying that he was to "comply with any treating physician's recommendations for pharmaceutical treatment" during supervised release. Even Demelio stated that improper treatment of his condition was a factor in his behavior. Finding that Mr. Demelio's appeals to vacate and remand the sentence lack legal and factual merit, we will affirm the sentence of the District Court.